## No. 232.

### The State of Louisiana vs. Joseph Adam.

The State attorney is the representative of the public and the legal adviser of the grand jury, who have a right to call upon him for advice on questions of law and procedure Although he has no right to influence or direct them in their finding, or express any opinion on questions of fact, he may assist them in their labors. Surely, his telling witnesses to state to the jury all they know, is no improper interference.

The constitutional provision which guarantees to an accused the right to compulsory process is not a dead-letter, and must be enforced.

Under a proper showing for a continuance, on the ground of the absence of a material witness, the trial must be postponed.

Sufficient assistance must be afforded an accused to procure his witnesses. When it does not clearly appear that such was given him in a capital case, the accused is entitled to the benefit of the doubt.

APPEAL from the Twenty-first District Court, Parish of St. Martin. *Mouton, J.*

*J. Henry Shepherd,* District Attorney, for the State, Appellee.
*Edward Simon* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J., On a conviction of murder, without capital punishment, the defendant was sentenced for life, to hard labor.

On appeal, he complains that the lower court erred, 1st. in over-ruling his motion to quash; 2d, in refusing an application for a continuance, and, 3d, in allowing certain testimony.

### I.

The motion to quash rests upon the ground that the district attorney was present before the grand jury during a part of the examination of the witnesses.

Conceding that a motion to quash can be predicated on such ground, there is nothing to show that the district attorney was present at their deliberations, took any part therein, or influenced or directed them in their finding. It appears that he merely told one or two of the witnesses to state to the grand jury what they knew about the case.

The district attorney is the representative of the public and the legal adviser of the grand jury. They have a right to call upon him for assistance as to the mode of proceeding and on questions of law, although it is undeniable that it would be unlawful for him to partici-pate in their counsel and express opinions on questions of fact. It would not be illegitimate for him to assist them in the examination of witnesses, so as to elicit from them the material or essential facts on which the prosecution necessarily rests.

The custom is one of long standing. It prevails in other sister States, and, as a conservative measure, it should not be interfered with in the absence of express legislative prohibition. Bishop on Cr. Pr. par. 861, 696; Davis' Prac. 18–26.

### II.

The second ground of complaint will now be considered.

The application rests on the fact of the absence; on the day of trial, of an alleged material witness, residing in another parish, ordered to be summoned, and concerning whom no return had been made.

It appears that some seven days before that fixed for the trial, the defendant offered a petition, verified by his oath, setting forth material facts expected to be proved by a witness residing in an adjoining parish, praying that he be summoned to testify.

On the day fixed for the trial the witness' name was called, but the witness did not answer. The sheriff of the parish of the residence, to whom the subpœna had been directed, had made no return.

Thereupon the defendant moved for a continuance, based on his *affidavit*, which establishes the material facts which he expected to prove by the absent witness, which, if proved, might have supported a case of self defence; next, due diligence; further, his inability to prove the same facts by any other *known* witness, and, last, that the summons which had been regularly issued to, had not been returned by, the sheriff of the parish of the residence of said witness.

The District Court overruled the motion, substantially, on the grounds : *that* the accused had not given proper directions as to the whereabouts of the witness, averring only that he is informed that he is on the Hope plantation in Iberia ; *that* it is to the knowledge of the court that said witness is not there, and that he is absent from and beyond the process of the court; *that* the defendant has not shown the due diligence required by law, particularly when more than ordinary opportunity had been given; *that* the defendant does not swear that the facts alleged as material cannot be proved by any other witness, but simply that he knows of none, when it appears in the record of this case that several other witnesses, summoned by him on preliminary examination, have testified to identically the same facts ; *that* it is evident, from all the circumstances, that delay is the object of the motion; *that* no showing is made to induce the belief that the attendance of the witness at a future day can be procured, and that the witness may never more be seen.

It will suffice to say that the accused gave the only direction possible, under the circumstances, when he stated the name of the plantation on which he had been informed that the witness resided ; that the knowledge which the court claimed to have, that the witness was not at that place, but is beyond the process of the court, is not defined, and may have been acquired on some misinformation, not stated, which the accused had no opportunity to contradict; that this knowledge is not such in itself, under the circumstances, as can overthrow the presumption of verity which attaches to defendant's *affidavit;* that it is not perceived in what respect the accused could have shown more diligence ; that it was sufficient for the accused to swear that he knew of *no* other witness who could prove the same facts; that the right of the trial judge to question the truthfulness of the affidavit of the accused in the manner attempted, is more than doubtful; that if, as stated, other witnesses at the preliminary examination had testified to the same purport, it is not impossible that such witnesses may have since died or disappeared for parts unknown ; *that* there is nothing to show that the object of the defendant was to obtain further delay, and

that his expectation to procure the attendance of the witness, at any subsequent time, is sufficiently established.

It may be added, that it is at least a possibility that the sheriff of the parish of the residence of the witness, to whom the subpœna had been issued, had served it and had not had time to make a return, or had not done so for some good reason. The accused was entitled to know of such return, and in the absence thereof, could not be driven to a trial.

The constitutional guarantee to an accused of a right to compulsory process for the attendance of his witnesses, is not to be trifled with. It is not a dead-letter, and must be enforced.

Considering, as we do, that the defendant was entitled to a continuance to procure the attendance of the witness, and that, if the facts stated in the *affidavit* had been established by him, it is plausible to conjecture that the jury, in the absence of outbalancing evidence, might have returned a different verdict, we apprehend that the accused has not had the fair and impartial trial to which he is by law entitled, and that it is our duty to extend the relief sought.

It is settled that where it is doubtful that an accused, charged with a capital offence, was afforded sufficient assistance to procure his witnesses, he is entitled to the benefit of such doubt. State vs. Boitreaux, 31 Ann. 188.

There is no necessity for expressing an opinion on the third ground of complaint.

### III.

It is, therefore, ordered and decreed that the verdict of the jury and the judgment and sentence upon it be annulled and reversed, and that this case be remanded to the lower court for further proceedings, according to law.