STATE vs. FRANK M. BOWMAN.

Kennebec. Opinion June 1, 1897.

*Grand Jury. Stenographer. Practice.*

The presence of a stenographer before a grand jury, while witnesses are being examined, by express order of the court, who takes stenographic notes of the testimony, although he retires before the jury commence their deliberation, invalidates an indictment found upon the testimony of witnesses given under these circumstances.

*Held;* that this is a matter that can be taken advantage of by the respondent in an indictment.

ON EXCEPTIONS BY DEFENDANT.

The case is stated in the opinion.

*G. W. Heselton,* County Attorney, for State.

There is no law which directs the use of an interpreter, when necessary, before a grand jury; yet when necessary, the court has never hesitated to use one. No law or constitutional right is infringed in this case, the stenographer not being present during the deliberation of the grand jury. Such is the practice in Illinois, Indiana and in Tennessee, including the federal courts of that state. Their appointment for such purposes is authorized by statute in New York. The legality of this practice was not tested before the law court in Massachusetts, where a stenographer was used twice before the grand jury to take evidence in important cases.

Counsel cited: *Getchell* v. *The People,* 146 Ill. 145; *People* v. *Lacore,* Circuit Court, September Term, 1893, at Joliet, Ill; *State* v. *Clough,* 49 Maine, 577; *State* v. *Reed,* 2 Blatch. 455;

Whart. Crim. Plead. § 367; *State* v. *Fassett,* 16 Conn. 457 ; *State* v. *Reed,* 67 Maine, 129; *Low's Case,* 4 Maine, 439; 4 Bl. Com. 126 ; 1 Chitty Crim. Law, 496; *State* v. *Benner,* 64 Maine, 267.

*S. and L. Titcomb,* for defendant.

Plea in abatement: *State* v. *Flemming,* 66 Maine, 142. Broom's Legal Maxims, p. 62 ; 1 Black. p. 67.

Law of the land: Blackwell on Tax Titles, 17-24; *Bank* v. *Cooper,* 2 Yerger, (Tenn.) 599, (24 Am. Dec. 537-545, and note); *Bardwell* v. *Collins,* 44 Minn. 97, (20 Am. St. Rep. 554-559, and note) ; *U. S.* v. *Reed,* 2 Blatch. 455; 9 Am. & Eng. Enc. p. 16; *Com.* v. *Green,* 126 Pa. St. 531, (12 Am. St. Rep. 915); 1 Bishop Crim. Proc. § 857.

SITTING: PETERS, C. J., FOSTER, HASKELL, WISWELL, STROUT, JJ.

WISWELL, J. To an indictment charging him with being a common seller of intoxicating liquors, the respondent filed a plea in abatement, in which it is alleged, in substance, that while the grand jury which found and returned this indictment was in session, the presiding judge made and issued the following order to the official stenographer of the court: "At the request of the county attorney you are instructed to attend with him before the grand jury, there to assist him in taking down the testimony of witnesses in the case of State v. F. M. Bowman being investigated by the grand jury. You will not be present during the deliberations of said jury and you will not disclose any testimony so taken down or heard by you excepting to said jury, or the county attorney, or by order of the court." In obedience to this order the stenographer, after being sworn to faithfully perform the duties imposed upon him by the foregoing order, attended with the county attorney before the grand jury and took down the testimony of the witnesses for the state in the case against the respondent then being investigated. He left the grand jury room before the jury commenced their deliberations upon the case.

To this plea in abatement the county attorney demurred, the demurrer was sustained, the plea adjudged bad and the respondent took exceptions.

The question presented is whether the presence of a stenographer before the grand jury, while witnesses are being examined, by express order of court, who takes stenographic notes of the testimony, but who retired before the jury commenced their deliberations, invalidates an indictment found upon the testimony of witnesses given under these circumstances.

It has long been the policy of the law, in the furtherance of justice, that the investigations and deliberations of a grand jury should be conducted in secret. The obvious reasons for this, founded upon sound principles of public policy, are to secure the utmost freedom of disclosure of alleged crimes and offenses; to secure that freedom of deliberation, expression of opinion and of action among the grand jurors which would be impaired if the part taken by each might be disclosed to the accused or to others; to prevent, to some extent, the opportunity of perjury and subornation of perjury by withholding the knowledge of facts testified to before the grand jury; and to conceal the fact that an alleged crime is being investigated, or that an indictment has been found, so as to avoid the danger of the escape of the accused before his arrest.

In accordance with this policy, the oath administered to grand jurors, established by common law usage, ancient and modern, and prescribed by our own statute, contains this clause: "The State's counsel, your fellows, and your own, you shall keep secret." The expression, "State's counsel" means more than the opinions or advice given by the prosecuting attorney to the jury. The injunction of secrecy applies as well to the secrets of the State, the persons accused, the facts testified to which indicate the guilt of the accused of the offense under investigation, and the witnesses who testify to such facts. In the case of *State* v. *Fasset*, 16 Conn. 457, it is said: "The grand jury swear 'the secrets of the cause, their own and their fellows, they will observe and keep.' The secrets of the cause must relate to the persons accused, the witnesses, who they are and what they testify." We think that the

expression "State's counsel," in the oath prescribed by our statute, is equivalent to "the secrets of the cause" construed in the above case.

In view of the fact that public policy requires secrecy, not only as to deliberations of a grand jury, their own counsel and their fellows, but also as to the witnesses who testify and their testimony, the State's counsel, for the reasons suggested, and as the oath of the jurors, declaratory of this policy, enjoins them to keep secret the State's counsel,—was it proper for the court to order a person, other than the county attorney or assistant, to be present while witnesses were being examined before the grand jury and to take down their testimony? We think it was not; that it was contrary to the policy of our laws and to the universally prevailing custom in our state.

It would be of little avail to swear the jurors to keep secret the "State's counsel" and at the same time to open the doors of the jury room to persons unauthorized by law, while the State's counsel is being disclosed to the jury. Although, in this case, the stenographer went through the form of taking an oath "not to disclose any testimony so taken down or heard by you, excepting to said jury or the county attorney, or by order of the court," such an oath was not authorized by law; it was extra-judicial and had no binding force.

It is true, that the obligation of secrecy as to the "State's counsel," or State's secrets, may subsequently be removed, and that after the purposes of secrecy have been accomplished, any revelations, in this respect, may be made which justice demands. In accordance with this principle, the case of *State* v. *Benner*, 64 Maine, 267, was decided, a leading case upon the subject, in which it is said: "But the oath of the grand juror does not prohibit his testifying what was done before the grand jury when the evidence was required for the purposes of public justice or the establishment of private rights." And again: "So, in all cases when necessary for the protection of the rights of parties, whether civil or criminal, grand jurors may be witnesses."

But in this case neither public justice nor the establishment of

private rights required that the testimony of witnesses, who testified while the accusation against the respondent was under investigation, should be disclosed in the presence of a stenographer whose presence was neither authorized by statute nor custom. And at that time none of the purposes of secrecy had been accomplished.

Another, and perhaps more difficult, question is, whether this is a matter that can be taken advantage of by the respondent. The presence of the stenographer affected only the injunction of secrecy as to the "State's counsel." If this can be waived by a prosecuting attorney, so that it cannot be taken advantage of by a respondent, it was done in this case.

In *State* v. *Clough*, 49 Maine, 573, in which it was decided that the presence of an unauthorized person, who participated as a juror in the proceedings of the grand jury, invalidated the indictment, although twelve competent grand jurors concurred in finding it, it is said: "The mere fact that a stranger was present, when the indictment was found, would not render it void. Though obviously proper and highly important that the proceedings of a grand jury should be in secret, one who is indicted cannot take advantage of it if they are not." This question was not involved in the decision of the case; the person present in the grand jury room in that case was an unauthorized person who assumed to act as a grand juror; but it is unnecessary to decide whether it is a correct statement of the law, because the stenographer, in this case, was not a mere stranger. He was in the grand jury room by express order of court; he participated in the proceedings to the extent of taking and preserving the testimony.

Although the obligation of secrecy in regard to the "State's counsel," required by immemorial usage, and imposed by the oath of grand jurors prescribed by our statute, was undoubtedly intended for the benefit, more particularly of the State, we think that neither the prosecuting attorney can waive it, nor the court nullify its objects. If such an order may be made at the request of the county attorney, we know of no reason why it may not be done without his request or even against his protest. If done under

such circumstances, the government could not present the question for review to the law court; it can only be raised in any case by a respondent. We think that in the interests of justice and in accordance with the principles of public policy, it is wiser to hold that this is a matter which may be taken advantage of by a respondent, than that although improper and unauthorized it can not be made the subject of review.

Another consideration should not be lost sight of. The object of an investigation by a grand jury is not only to bring the guilty to trial, but also to protect the innocent from groundless accusation. The duties of grand jurors are important and responsible. They should be entirely independent; they should be uninfluenced by any consideration except a desire to "diligently inquire and true presentment make of all matters and things" given them in charge, according to their oaths and their consciences. If it be competent for the court to order a stenographer to be present and take stenographic notes of the testimony of witnesses, for such future use as the court might order or the law allow, it might be done in one case only during a whole session, while all other matters were investigated in the ordinary way. Should that be done, we cannot tell what influence such a discrimination might have upon the jurors. We think that in some cases it might affect their independence, and impair the rights of the accused.

Our conclusion is that, for the reasons given, the proceeding is unauthorized and improper and that the indictment so found is void.

The entry will therefore be,

*Exceptions sustained. Demurrer overruled.*
*Plea in abatement adjudged sufficient. Indictment quashed.*