DALLAS D. MILLER, PLAINTIFF IN ERROR, VS. THE
STATE OF FLORIDA, DEFENDANT IN ERROR.

1.  In dilatory pleas the greatest accuracy and precision in state-
ment are required, and they must be certain to every intent and
free from ambiguity.

2.  The statute (Section 1355 Revised Statutes) authorizing State
Attorneys to procure assistant counsel by and with the consent
of the court, defines and limits their duties in going before
grand juries to advise upon legal points and in framing indict-

ments, and it does not contemplate that such assistants may remain with the grand jury while they deliberate and vote on bills and then urge and request them to find a bill.

3. The presence of assistant counsel, procured with the consent of the court, before the grand jury during the examination of evidence, and his mere presence at the time a vote is taken on a bill would not be sufficient ground, in the absence of any abuse shown, to set aside the indictment, but when such counsel, after remaining in the grand jury room during the examination of evidence and the deliberation of the jury in the case, including the time when the vote is taken, urge and request the finding of the bill, the policy of the statute is violated and the unbiased judgment of the jury on the merits of the case is invaded. This rule applies with even more force in case the counsel has not been procured with the consent of the court.

Writ of Error to the Circuit Court for Calhoun County.

The facts in the case are stated in the opinion of the court.

*Liddon & Eagan and Butler & Floyd*, for Plaintiff in Error.

*The Attorney-General*, for Defendant in Error.

MABRY, J.:

Plaintiff in error was indicted for embezzlement at the Fall term, 1897, of the Circuit Court of Calhoun county, and was convicted on one of the counts in the indictment at the Spring term of the court, 1899. Before pleading not guilty to the indictment the defendant interposed pleas, in substance, as follows: That an attorney and counselor of the court, giving name, being the retained private counsel of one H. B. Gaskin, in the indictment named, was before the grand jury and pres-

ent with the grand jury which found the indictment during the examination of evidence and their deliberations in this case for the purpose of securing the indictment to which the, plea is pleaded against the defendant, and being so present before said indictment was found, he did at such time urge and request the grand jury to find such, indictment. And also that an attorney and counselor of the court, giving name, being the retained private counsel of H. B. Gaskin, in the indictment named, was before the grand jury and present with such grand jury during the examination of evidence and their deliberations in the case for the purpose of securing the indictment to which this plea is pleaded against the defendant, and at the time of the taking of the vote on said bill of indictment, and being so present before said indictment was found, he did at such time urge and request the grand jury to find such indictment; and during the times said attorney and counselor was so present with such grand jury, another person named (being the duly appointed State Attorney for that Circuit), who was then and there the State Attorney for the second judicial circuit of Florida, was not present, but the said attorney and counselor (alleged to be before the grand jury) was in the sole and exclusive charge and management of the case before the grand jury. Wherefore defendant prays whether he shall make any other or further plea to said indictment. The State demurred on the grounds that the plea was vague, indefinite and uncertain and constituted no defence in law to the indictment and the demurrer was sustained by the court.

As indicated by the record the defendant filed two separate pleas, though it seems the State Attorney regarded them as one pleading and demurred to them as

such. By demurring the State presented the question of the sufficiency of the pleas on ground stated and obtained a decision against their legal sufficiency.

The pleas come under the head of what is known as dilatory pleas and as to them the settled rule is that the greatest accuracy and precision in pleading are required and they must be certain to every intent and free from uncertainty and ambiguity. Reeves v. State, 29 Fla. 527, 10 South. Rep. 901; Jenkins v. State, 35 Fla. 737, 18 South. Rep. 182.

The basis of objection to the indictment stated in the pleas is that an attorney and counselor of the court other than the duly appointed State Attorney improperly went before the grand jury when considering the indictment and urged and requested them to find it. The indictment as shown by the record was signed by the duly appointed State Attorney and there is nothing to show affirmatively that the attorney and counselor who went before the grand jury was appointed by the court, or was procured with the consent of the court, to assist the State Attorney in any way.

By statute it is provided (§1354 Rev. Stats.) that "whenever there shall be a vacancy in the office of State Attorney in any of the judicial circuits of this State, either by non-appointment or otherwise, or if a State Attorney shall not be present at any regular or special term of the court, or, being present, shall from any cause be unable to perform the duties of his office, the judge of said Circuit Court shall have full power to appoint a prosecuting attorney from among the members of the bar, with the consent of the member so appointed, to whom shall be administered an oath to faithfully discharge the duties of State Attorney, and who shall have as full and complete authority, and whose acts shall

be in all respects as valid as a regularly appointed State Attorney. He shall sign all indictments and other documents as acting State Attorney. The power of the said appointee shall cease upon the arrival of the State Attorney or the cessation of his inability." His pay is provided for out of the State Treasury. Section 1355 enacts that "the State Attorney by and with the consent of court, may procure the assistance of any member of the bar when the amount of the State business renders it necessary, either in the grand jury room to advise them upon legal points and framing indictments, or in court to prosecute criminals. But such assistance shall not be authorized to sign any indictments or administer any oaths, or to perform any other duty except the giving of legal advice, drawing up of indictments, and the prosecuting of criminals in open court. His compensation shall be paid by the State Attorney, and not by the State."

The indictment being signed by the duly appointed State Attorney, we must assume that he was present and able to perform the duties of his office, and that the attorney and counselor who went before the grand jury was not appointed by the court as acting State Attorney under section 1354. There is nothing in the record or statements of the pleas to exclude the view that he may have been procured by and with the consent of the court under Sec. 1355 to assist the State Attorney and under the strict construction in reference to such pleas we are authorized to assume, if necessary to sustain the action of the court, that he was so procured. Proceeding upon the view, as we are authorized to assume in the absence of clear allegations excluding it, that the counsel who went before the grand jury did so by procurement of the State Attorney, by and with the con-

sent of the court, the question is, do the pleas, or either of them, show such action on the part of the assistant counsel before the grand jury as calls for the setting aside of the indictment? H. B. Gaskin, named in the indictment, is the party whose money is alleged to have been embezzled, but neither of the pleas sufficiently states that the counsel who went before the grand jury was employed as private counsel by Gaskin to secure the indictment. It is stated that he was "the retained private counsel of one H. B. Gaskiln in the indictment named," but this may be true and still Gaskin may not have employed him to assist in the State's business of prosecuting offenders of the law. Great strictness obtains in framing such pleas and no intendments are indulged in their favor, but the reverse. We do not consider that the pleas present the question whether counsel who has been employed by a private individual to prosecute a supposed criminal can properly be procured by the State Attorney with the consent of the court, *to go before the grand jury* for the purpose of securing the indictment, and it does not become necessary to express any opinion on this point.

The pleas state that the counsel was before the grand jury, and present with that body during the examination of evidence and its deliberations in the case, and in one it is alleged that he was present during the examination of evidence and the deliberations of the grand jury in the case and at the time of taking the vote on the bill of indictment, and being so present before the indictment was found, he did at such time urge and request the grand jury to find the indictment. The statute (section 1355) authorizing State Attorneys to procure assistant counsel to go before the grand jury declares what shall be the duties of such assistants—to

advise upon legal points and the framing indictments—and to guard against any abuse in this respect it is expressly stated that the assistant shall not be authorized to sign any indictments or administer any oaths, or to perform any other duty except the giving of legal advice, drawing up of indictments and the prosecution of criminals in open court. The advice which the assistant can render the grand jury is upon legal points, and the statute does not contemplate that such counsel may advise the grand jury to find bills upon the testimony before them. At common law the prosecuting officer, or an individual prosecutor, might appear in the secret session of the grand jury and conduct the evidence on the part of the crown (State v. Baker, 33 W. Va. 319, 10 S. E. Rep. 639 and authorities therein cited) but it does not appear that it was the practice for even the prosecuting officer to be present when the vote on the bill is taken. Authorities in this country incline to the view that the prosecuting attorney and his assistant may be present during the examination of witnesses and give legal advice upon points of law, but should retire when the vote is taken, or, if present, should remain silent as to how the jury should vote on the indictment. Thompson and Merriam on Juries, §§ 629-634; Gitchell v. People, 146 Ill. 175, 33 N. E. Rep. 757; State v. Adam, 40 La. Ann. 745, 5 South. Rep. 30; State v. Bowman, 90 Me. 363, 38 Atl. Rep. 331; Commonwealth v. Bradney, 126 Pa. St. 199, 17 Atl. Rep. 600; United States v. Reed, 2 Blatch. (C. C.) 435; State v. Kimball, 29 Iowa 267; State v. Addison, 2 Richardson (S. C.) n. s. 356; State v. McNinch, 12 S. C. 89; Blevins v. State, 68 Ala. 92; Wilson v. State, 70 Miss. 595, 13 South. Rep. 225; Courtney v. State, 5 Ind. App. 356; United States v. Simmons, 46 Fed. Rep. 65; Commonwealth v.

Woodward, 157 Mass. 516, 32 N. E. Rep. 939; State v. Brewster, 70 Vt. 341, 40 Atl. Rep. 1037, S. C. 42 L. R. A. 444.

By statute in this State it is made the duty of the State Attorney, when required by the grand jury, to attend them for the purpose of examining witnesses in their presence, or of giving legal advice in any matter before them. Sections 1345 and 2807 Rev. Stats. This provision simply imposes official duties and does not, probably, in any way detract from the powers which such officers have at common law. The provision in reference to assistant counsel before the grand jury, found in section 1355, defines their duties and expressly limits their action, and the courts should be careful not to extend the rule beyond the policy of the statute. The presence of assistant counsel before the grand jury during the examination of evidence would afford no ground for setting aside the indictment, and his mere presence at the time the vote is taken, in the absence of any abuse shown, may not be sufficient to accomplish that end. When, however, such counsel, after remaining in the grand jury room during the examination of evidence, and the deliberation of the jury in the case, including the time when the vote is taken, urge and request the finding of the bill, it seems to us that the right of an indicted party to a free and unbiased judgment of the jury on the merits of the case has been invaded. It is not perceived how the policy of the statute can be preserved if the practice be sanctioned that such attorney may not only be present with the grand jury when testimony is examined and the case is deliberated on, but remain with the jury when the vote is taken and urge and request them to find the bill. To urge and request a grand jury to find a particular bill after the ex-

18

amination of evidence in the case includes the view that the attorney so urging and requesting is of the opinion that the evidence justifies such conclusion, and this is clearly beyond the province of such attorney. The case of Shattuck v. State, 11 Ind. 473, comes nearer sustaining the ruling in the present case than any we have examined, but the statute in that State was not like ours, and the plea alleged that the deputy attorneys who appeared before the grand jury advised and instructed them what to do without stating whether it was to find or not to find the bill, or solely in reference to legal matters.

Proceeding upon the theory that the attorney who went before the grand jury was procured by the State Attorney as assistant, with the consent of the court under the provisions of our statute, it appears to us that the pleas show such action on the part of the attorney in the deliberations of the grand jury in finding the bill as to come within the prohibition of the statute, and reasonably calculated to influence the jury to the prejudice of the accused. When this is affirmatively shown, the decided weight of judicial opinion in this country sustains the view that the indictment should be set aside.

If we proceed upon the theory that the attorney who went before the grand jury did so without any sanction of the court, there is still less ground for sustaining the ruling of the court. No case that we have found sanctions the right of private counsel to assume the sole and exclusive charge and management of a case before a grand jury, and not only remain with them during the examination of evidence and their deliberations thereon, but request and urge them to find a true bill. The secrecy of the grand jury secured by our statute and designed to preserve the freedom and independence

Miller v. State.—Opinion of Court.

of that body forbids such action, and it could not be tolerated by the courts without impairing the usefulness of the grand inquest.

We conclude that the court erred in sustaining the demurrer to the pleas, but this ruling is confined strictly to the facts admitted by the demurrer in this case.

Judgment reversed with direction that the demurrer to the pleas in abatement be overruled, with further proceeding consistent with law.

The other points raised are not determined.

Judgment reversed.