530

May 11, 1950. } No. 3934.

OPINION OF THE JUSTICES.

The following motion and resolution adopted by the Senate at the special May 1950 session of the General Court on May 3, 1950, was received upon the same day:

"Moved that this Senate, at a time to be set by its President, meet in secret session as a committee of the whole, for the purpose of questioning members of the Merrimack County Grand Jury, generally and in particular, on their investigation of the Public Service Company of N. H. as to why they felt an investigation of the Public Service Commission was necessary, and whether, in their opinion, the Public Service Company of N. H. or any of its officers have been guilty of criminal action while testifying before the Public Service Commission.

"Having considered the same, report the same with the following resolution:

"Resolved, that the Justices of the Supreme Court be respectfully requested to give their opinion upon the following questions:

"Does a member of the Grand Jury testifying before a Senate Committee or the Senate as a whole have immunity or release from the obligations resulting from his oath as a Grand Juror when testifying as to

"(a) any matter occurring before the Grand Jury at its regular session.

"(b) as to matters of alleged irregularities occurring before the Grand Jury which are alleged to have impeded justice.

"(c) as to any other matters material to the motion referred to [above] and made a part hereof."

The following answer was returned:

*To the Honorable Senate:*

That Congress and State Legislatures have broad and extensive powers of investigation is no longer open to serious doubt. While it was questioned at one time whether Congress could act as the grand inquest of the nation (*Kilbourn* v. *Thompson*, 103 U. S. 168) that view is not now law. *McGrain* v. *Daugherty*, 273 U. S. 135; *Sinclair* v. *United States*, 279 U. S. 263; *Jurney* v. *MacCracken*, 294 U. S. 125. In order to legislate it is necessary to be informed and investigation is usually a prerequisite to adequate information. The same thought in another context was expressed by *Brandeis*, J. in *Burns Baking Co.* v. *Bryan*, 264 U. S. 504, 520: "Knowledge is essential to understanding; and should precede judging." Not only may legislative bodies investigate but they have adequate power to make the investigation effective. "The state courts quite generally have held that the power to legislate carries with it by necessary implication ample authority to obtain information needed in the rightful exercise of that power, and to employ compulsory process for the purpose." *McGrain* v. *Daugherty, supra,* 165.

Your inquiry presents the question of how far legislative investigation may be extended to interrogation of grand jurors. Before entering upon their duties, grand jurors are obliged to take the following oath: ". . . the state's counsel, your fellows' and your own you shall keep secret." R. L., *c.* 427, *s.* 4. The requirement of both common and statutory law has been stated as follows: "It has long been the policy of the law, in furtherance of justice, that the investigations and deliberations of a grand jury should be conducted in secret, and that for most intents and purposes, all its proceedings should be legally sealed against divulgence." 127 A. L. R. 272, 273. "It [the oath of grand jurors] is a lasting obligation binding all who have served as grand jurors." *United States* v. *American Medical Ass'n*, 26 F. Supp. 429, 430.

The legislative power to investigate is not absolute. *Emery's Case*, 107 Mass. 172. It is not considered necessary in aid of the investigatory power that grand jurors should violate their oath of secrecy (R. L., *c.* 427, *s.* 4) by voluntary or compulsory disclosure of their votes, deliberations or opinions expressed in the grand jury session. 110 A. L. R. 1023. Consequently to seek the "opinion" of certain grand jurors or to inquire "why they felt" as they did about certain

matters would be an unpermitted excursion into the motives, inducements and principles upon which their deliberations were founded. 1 Orfield, Criminal Procedure 167; Edwards, The Grand Jury, 118-120; 127 A. L. R. 272. It may be recognized that the requirement of secrecy is not absolute or all-inclusive. Thus, under appropriate circumstances, and within narrow limits, a court may permit a grand juror to testify to occurrences during the investigation of the grand jury when such testimony is necessary to promote the cause of public justice, or to protect private rights. See *State* v. *Wood*, 53 N. H. 484, 493; *Attorney General* v. *Pelletier*, 240 Mass. 264, 308. The exception has never to our knowledge been extended in this jurisdiction to disclosure of such matters as the "opinions" or "feelings" of the jurors, nor are we prepared to say that it could be.

To the extent that your inquiry envisions release of jurors from their oath of secrecy to permit disclosure of their opinions of the guilt or innocence of persons whose conduct was under consideration by them, we are constrained to advise that such a release may not be given. Inquiries as to such matters, if permissible at all, are the concern of the judicial rather than the legislative branch of the government. The answer to part (c) of the resolution and question is "no."

To the extent that the proposed investigation would relate to any need for investigation of the Public Service Commission, the judicial nature of the inquiry is not so plain. Inquiry might in some aspects be in aid of prospective legislation. Yet that the public interest requires release from the oath in this regard is not apparent. If the grand jurors reached an opinion on the subject as a result of their proceedings, it is not perceived that such an opinion would materially aid the legislators. The sources of the grand jury's information are readily available to the Legislature. The conclusions of the grand jurors on the topic mentioned cannot be considered so far essential to the Senate's investigation as to justify disregard of the requirement of secrecy, or to overbalance the public interest which occasions it.

Paragraph (b) of your inquiry refers to "matters of alleged irregularities occurring before the Grand Jury which are alleged to have impeded justice." The nature of the "alleged irregularities" is not disclosed, but the language used suggests a reference to conduct upon the part of persons other than the jurors themselves. How such conduct may have impeded justice is not suggested. It is well recognized that disclosure of irregularities may be permitted in the interests of justice. Such disclosure may not extend to the grand jurors' votes,

opinions and deliberations but as previously indicated is limited to occurrences during their investigation as to which their testimony is necessary to promote or protect public or private rights. *State* v. *Wood, supra; Attorney General* v. *Pelletier, supra.* We are not enlightened by the resolution as to the nature of the "alleged irregularities," or whether they involve grand jurors or other persons. Since not every irregularity impedes justice or is fatal to the proper administration of the functions of grand juries (*State* v. *Walsh*, 76 N. H. 581), and since the specific correction thereof is usually a matter for the presiding justice (*State* v. *Canatella, ante*, 202), it is difficult to frame a precise answer to the abstract questions in parts (a) and (b) of the resolution. As was observed in *McGrain* v. *Daugherty, supra*, 160, "we are not . . . concerned with the right of the Senate to propound or the duty of the witness to answer specific questions, for as yet no questions have been propounded. . . ."

If these two questions are limited to matters stated in the motion, as in part (c) of the question, it is clear that the testimony of the grand jurors relating thereto should not be permitted. If somehow parts (a) and (b) are separate and distinct and would not involve disclosures of the grand jurors' votes, opinions and deliberations, the resolution discloses no overriding public interest in furthering pending or contemplated legislation which would warrant a release of the grand jurors from the obligation of secrecy imposed by their oath. We accordingly return a negative answer to the question in its entirety.

FRANCIS W. JOHNSTON.
FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.

May 11, 1950.