Coos
No. 82-043

# THE STATE OF NEW HAMPSHIRE

## v.

## ROTHA J. PURRINGTON

May 20, 1982

*Gregory H. Smith*, attorney general (*Donald J. Perrault*, assistant attorney general, on the brief and orally), for the State.

*Law Offices of Philip R. Waystack, Jr.*, of Colebrook (*Vickie M. Bunnell* on the brief and *Mr. Waystack* orally), for the defendant.

KING, C.J.   The defendant Rotha J. Purrington was indicted for second-degree murder (RSA 630:1-b) and felonious use of a firearm (RSA 650-A:1 (Supp. 1981)). The indictment stated that on June 14, 1981, the defendant shot her husband in Stewartstown, New Hampshire, causing his death. The defendant filed a pre-trial motion for discovery of the transcript of grand jury proceedings. When no objection was taken by the State, the court granted defendant's motion pursuant to Superior Court Rule 58. The State then filed a motion for reconsideration, which the Superior Court (*Dunn*, J.) granted, thereby denying the defendant discovery of the grand jury transcript. The defendant excepted, and her motion for an interlocutory appeal to this court was granted. We affirm and remand.

On August 6, 1981, the State served a subpoena on the defendant for the purpose of producing two of her minor children, Dennis Purrington, Jr., age fourteen, and Darcy Purrington, age eight, to testify before the grand jury regarding information relating to the death of their father. The defendant filed a motion to quash the subpoenas. The motion to quash the subpoena for Dennis alleged that Dennis was "not beyond the power of suggestion." Alternatively, the motion asked that a stenographic transcript be made of Dennis' testimony before the grand jury and that such transcript be made available to defense counsel.

After the State had agreed that a stenographic transcript would

be made and that the court could later rule on the discoverability of the transcript, Dennis testified. Darcy Purrington did not testify before the grand jury. After the grand jury proceedings, the defendant was advised that a stenographer had been authorized to preserve the testimony given during the grand jury proceeding, but that the testimony had not been transcribed.

RSA 600:5, which empowers the grand jury to appoint a member to take minutes, was first enacted in Laws 1867, 242:7. The annotation indicates its source as MASS. GEN. ST., 171:10. The New Hampshire statute states that "[t]he grand jury may appoint one of their number to be clerk, to preserve minutes of the proceedings before them, which shall be delivered to the attorney-general or county attorney." There is no mention of a stenographer, nor is there any provision for the superior court to approve a transcript of the grand jury proceeding.

The Massachusetts statute remained similar to New Hampshire's, *see* MASS. GEN. LAWS ANN. ch. 277 § 10 (West 1972), until 1974 when the Massachusetts Supreme Judicial Court expanded a defendant's rights to discover grand jury testimony in *Commonwealth v. Stewart*, 365 Mass. 99, 309 N.E. 2d 470 (1974). Currently in Massachusetts, a defendant may motion to compel the disclosure of the grand jury minutes without showing a "particularized need." *Commonwealth v. Stewart*, 365 Mass. at 106, 309 N.E.2d at 474; *contra, Pittsburgh Plate Glass Co. v. U. S.*, 360 U.S. 395, 400 (1959).

Maine also permits discovery of grand jury proceedings by Maine Rules of Criminal Procedure, Rule 6(d). In *State v. Bowman*, 38 A. 331 (1897), at the request of the county attorney, a court reporter was directed to attend the grand jury proceeding and transcribe the testimony of witnesses. *Id.* at 331–32. The order specifically directed the reporter not to be present during the deliberations of the jury and not to disclose anything he heard except by order of the court. The defendant filed a plea in abatement which was upheld by the court. *Id.* at 332–33. Maine Rules of Criminal Procedure, Rule 6(d), amended in 1978, supersedes this decision. The rule expressly provides that upon request for good cause shown, the court may order an official court reporter to be present while the grand jury is in session. *State v. Rich*, 395 A.2d 1123, 1127 (Me. 1978), *cert. denied*, 444 U.S. 854 (1979). In these instances, policy demands for secrecy to protect the usefulness and integrity of grand jury proceedings are subordinated to the higher demands of justice. *State v. Robbins*, 318 A.2d 51, 61 (Me. 1974) (grand jury testimony to impeach testimony given by witness at

trial). The court's refusal to allow use of grand jury testimony, however, is not a denial of the defendant's due process rights. *Brine v. State of Maine*, 160 Me. 401, 403, 205 A.2d 12, 13 (1964).

Pre-trial discovery of a defendant's testimony given before the grand jury is permitted under the Federal Rules of Criminal Procedure, and the A.B.A. Standards of Criminal Justice recommends permitting pre-trial discovery of the accused's testimony and any relevant witness' testimony.

The comment to the A.B.A. Standards for Criminal Justice § 11-2.1 (2d ed. 1980) notes that although the information sought is incorporated in grand jury testimony rather than in a written statement made prior to trial, this fact does not affect the relevance of the information and does not increase the likelihood of witness abuse. *Id.* § 11-2.1(a)(iii), at 11–22. Additionally, pre-trial disclosure of grand jury proceedings effects the same purposes as pre-trial disclosure of other statements by permitting counsel to prepare for trial and conduct the trial in an orderly fashion. *Id.* § 11-2.1(a)(iii), at 11–22.

The Federal Rules of Criminal Procedure allow disclosure of grand jury transcripts "when so directed by the court preliminarily to or in connection with a judicial proceeding. . . . " FED. R. CRIM. P. 6(e) (1975). Additionally, these rules allow a defendant to obtain a copy of his recorded testimony before the grand jury. FED. R. CRIM. P. 16(a)(3) (1975).

■ The United States Supreme Court, however, has never concluded that a criminal defendant has an absolute right to the disclosure of grand jury proceedings. Even in interpreting Rule 16(a)(3) of the Federal Rules Of Criminal Procedure, which seems to grant a defendant a right to obtain a copy of his own testimony before the grand jury, the Supreme Court has concluded that access to grand jury transcripts is prohibited in the absence of a "particularized need." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 & n.12 (1979); *Dennis v. United States*, 384 U.S. 855, 872 (1966); *Pittsburgh Plate Glass Co. v. U. S.*, 360 U.S. at 400; *United States v. Proctor & Gamble*, 356 U.S. 677, 683 (1958).

In considering whether the United States Supreme Court's test under the federal rules must be adopted by the State courts, the United States District Court for the District of Massachusetts concluded:

"Discovery rights such as inspection of grand jury minutes are not of constitutional origin and they represent exceptions to the general rule concerning discovery in criminal cases. *Corbett v. Patterson*, D.Colo. 1967, 272

F.Supp. 602, 609. There has been no hint in Supreme Court cases that this procedure of disclosing grand jury minutes was thought to be compelled by the due process clause of the Fifth Amendment. *United States ex rel. Bund v. Lavallee,* 2 Cir. 1965, 344 F.2d 313, 315."

*Connor v. Picard,* 308 F. Supp. 843, 846 (1970).

▮ In New Hampshire, "[i]t has long been the policy of the law, in furtherance of justice, that the investigations and deliberations of a grand jury should be conducted in secret, and that for most intents and purposes, all its proceedings should be legally sealed against divulgence." *Opinion of the Justices,* 96 N.H. 530, 531, 73 A.2d 433, 434 (1950) (citation omitted); *see State v. Booton,* 114 N.H. 750, 755, 329 A.2d 376, 381 (1974), *cert. denied,* 421 U.S. 919 (1975). Grand jury stenographers are utilized in limited circumstances in which "an investigative grand jury has been convened by the prosecutor, a professional stenographer is often engaged to take minutes of the proceeding." 1 R. MCNAMARA, NEW HAMPSHIRE PRACTICE, CRIMINAL PRACTICE AND PROCEDURE § 444, at 303 (1980). Unlike Maine and Massachusetts, this State has no statute or rule of court sanctioning the transcription or disclosure of grand jury proceedings. The New Hampshire Legislature has protected the secrecy of grand jury proceedings by specifically exempting them from the purview of an otherwise expansive "Right to Know" statute. *See* RSA 91-A:5.

▮▮ Although it is arguable that access to grand jury transcripts may enhance the fairness and expedite the conduct of criminal trials, there is neither legislation nor court rule in New Hampshire authorizing a court to order the transcription of testimony given before a grand jury and in their absence this court will not sanction any future transcription of grand jury testimony. Trial courts may, however, in the exercise of their discretion, permit the discovery and use of grand jury testimony transcribed prior to the date of this opinion.

Any stenographic notes and transcriptions thereof heretofore prepared, either in this case or in any other cases, are hereby ordered legally sealed against divulgence, except as may otherwise be ordered by the trial court in a particular case.

*Affirmed; remanded.*

BATCHELDER, J., did not sit; the others concurred.