Grafton
No. 88-367

THE STATE OF NEW HAMPSHIRE

v.

CAMERON VANDERHEYDEN

December 28, 1989

*John P. Arnold,* attorney general (*Janet C. Gorman,* assistant attorney general, on the brief, and *Peter G. Beeson,* senior assistant attorney general, orally), for the State.

*Brennan & Caron P.A.,* of Manchester (*William E. Brennan* on the brief and orally), for the defendant.

BROCK, C.J. The defendant appeals his conviction in the Superior Court (*Smith,* J.) for conduct after a motor vehicle accident, RSA 264:25, and false reporting of an accident, RSA 264:28 (Supp. 1988). He argues that the trial court erred in denying his motion to dismiss or, in the alternative, to quash the indictments against him because two unauthorized police officers were present in the grand jury room during one witness' testimony. We hold that the presence of the unauthorized individuals violated Supreme Court Rule 52, and we therefore reverse and order the indictments quashed.

The charges against the defendant resulted from a March 7, 1987 incident in which a pedestrian was struck by a motor vehicle which subsequently fled the scene. During the testimony of one witness before the Grafton County Grand Jury, the county attorney arranged to have present in the grand jury room two police officers who had already testified, so that they could take notes on the witness' testimony. This witness had previously given the prosecu-

tor a statement exculpating the defendant. Before the grand jury she offered testimony linking the defendant to the March 7 incident. The grand jury returned a two-count indictment against the defendant charging him with conduct after an accident, RSA 264:25, and false reporting of an accident, RSA 264:28 (Supp. 1988).

The defendant filed a motion to dismiss or, in the alternative, to quash the indictments. After a hearing, the court denied the motion, ruling that although the presence of the officers was an "irregularity," "in the absence of evidence of prejudice, the irregularity affords no ground for quashing the defendant's indictment." The court also ruled that the statute providing that a grand jury may appoint one of its members to act as clerk, RSA 600:5, was not relevant in determining whether police officers were prohibited from taking notes in the grand jury room.

■ The defendant was found guilty on both counts after a jury trial. On appeal, he contends that the police officers' presence in the grand jury room was impermissible and that the indictments against him should therefore be dismissed. We hold that although a non-prejudicial irregularity in grand jury procedure is generally insufficient to warrant dismissal, no indictment may stand where an unauthorized person has invaded the secrecy of a grand jury proceeding in violation of Supreme Court Rule 52.

In New Hampshire, grand jury proceedings are little regulated by the State Constitution or by statute. See N.H. CONST. pt. I, art. 15; RSA ch. 600; see also State v. Canatella, 96 N.H. 202, 204, 72 A.2d 507, 508 (1950). Nonetheless, "this court has long recognized the traditional secrecy of grand jury proceedings." State v. Damiano, 124 N.H. 742, 748, 474 A.2d 1045, 1049 (1984). To protect that secrecy, as well as to promote "orderly and uninfluenced proceedings," the common law required "excluding unauthorized persons from both the investigations and the deliberations of the [grand] jury." Canatella, supra at 205, 72 A.2d at 509. Until 1985, however, irregularities in grand jury proceedings did not require quashing the challenged indictments in the absence of prejudice to the defendant. See Canatella supra.

That year, this court adopted Supreme Court Rule 52, which carved out an exception to that general rule. Rule 52 established the only means by which an individual other than the prosecutor, the jurors, or a witness, may be authorized to "be present while the grand jury is taking evidence." SUP. CT. R. 52(4); cf. Canatella supra (predating Rule 52). The county attorney or attorney general must seek authorization for any additional presence in the grand jury room from a justice of the superior court.

◼ The State concedes that it failed to obtain the court's authorization for the police officers' presence in the grand jury room, and we therefore order the indictments quashed. Because of the result reached, we need not address other issues raised by the parties.

*Reversed and remanded.*

SOUTER, J., with whom THAYER, J., joined, dissented; the others concurred.

SOUTER, J., dissenting: The court holds that an indictment must be quashed or dismissed without regard to the defendant's prejudice when any of the testimony underlying the charge was given before a grand jury while attended by a person whose presence was unauthorized, in violation of Supreme Court Rule 52(4). Because the court relies entirely on Rule 52, which neither addresses the question of the proper remedy for its violation nor modifies existing precedent at odds with the court's holding, I respectfully dissent.

In *State v. Canatella*, 96 N.H. 202, 72 A.2d 507 (1950), this court held that the unauthorized presence of a police officer during a witness's testimony before a grand jury was an irregularity that "[i]n the absence of evidence of prejudice . . . afford[s] no ground for quashing [an] indictment" based on the testimony. *Id.* at 205, 72 A.2d at 509. Under *Canatella's* holding, the present defendant is entitled to no relief. Although it is true that the two officers had no authorization to remain in the grand jury room during the testimony of other witnesses, the defendant offered no evidence to the trial court on the issue of prejudice-in-fact, and the only prejudice even claimed to have resulted from the officers' wrongful presence is described as following as a matter of law from the fact of the violation as such. While the defendant may have hoped that his burden to prove prejudice could be lifted by claiming that the irregularity in question was of a constitutional dimension, he has done no more than cite us to the constitutional character of the requirement of indictment, when it applies, *see State v. Canatella, supra* at 204, 72 A.2d at 508; N.H. CONST. pt. I, art. 15, whereas *Canatella* makes it clear that the constitutional nature of the indictment requirement is entirely consistent with an affected defendant's burden to prove actual prejudice, before obtaining relief for some error in grand jury practice that does not go to the composition of the grand jury itself or the capacity of the jurors to function in accordance with the oath prescribed by RSA 600:3. *Cf. Bank of Nova Scotia v. United States*, 108 S. Ct. 2369 (1988)

(general rule is that errors in federal grand jury practice, when not independently of constitutional proportion, entitle affected defendants of no relief without demonstration of resulting prejudice).

The defendant, then, has neither distinguished *Canatella* nor satisfied its requirement for affording relief. The court nevertheless avoids its holding by asserting that our Rule 52, subsequently adopted, "carved out an exception to [Canatella's] general rule." Nothing in Rule 52 supports that proposition, however.

We adopted Rule 52 in 1985 to mitigate the hobbling effect of the opinion in *State v. Purrington*, 122 N.H. 458, 446 A.2d 451 (1982), which had included the observation, in the nature of considered dicta, that "in [the] absence [of a statute or rule of court sanctioning the transcription of grand jury proceedings] this court will not sanction any future transcription of grand jury testimony," *id.* at 462, 446 A.2d at 454. Except for subsection (4), Rule 52 is devoted entirely to providing limited authority for court-ordered transcription of grand jury proceedings and disclosure of its content.

Subsection (4) performs a quite different function, in expressly empowering the superior court to authorize the presence of certain individuals before the grand jury when a witness is offering evidence:

> "(4) Upon application from a county attorney or the Attorney General, a Justice of the Superior Court may authorize bailiffs, interpreters, or other court personnel to be present while the grand jury is taking evidence, subject to the obligation to preserve the secrecy of the proceedings."

This provision carries the implication that no one may be present without such authorization (except, I have to assume, State's counsel and a witness while testifying), thereby generally replacing the traditional definition of authorized person with a process for conferring authorization. That is to say, where the common law identified persons authorized to be present before a grand jury by reference to the "reasonable necessities of arriving at the truth," *State v. Canatella, supra* at 205, 72 A.2d at 509 (permitting the presence of such people as interpreters, guards for prisoners, attendants for ailing witnesses, *id.*), Rule 52(4) identifies those authorized by reference to express judicial approval (required for a bailiff, interpreter or other court personnel, *id.*, but presumably not required for a prosecutor or a witness giving evidence).

It is plain from a reading of subsection (4), however, that it does not purport to modify the law as declared in *Canatella* dealing with the presence of an unauthorized person, once a person is identified as such. Nor is *Canatella* arguably affected by any other provision of Rule 52, which simply does not address the issue before the court in this case or provide anything whatever about the consequences that should follow from its violation. The court's statement, then, that Rule 52 carves out an exception to *Canatella* has no support of any kind.

It is needless to add that in cases of non-prejudicial violations of Rule 52(4), with the dimensions we are dealing with here, the high social cost of the court's method for enforcing the rule, *see United States v. Mechanik*, 475 U.S. 66, 72 (1986), can claim no justification in necessity. Where the only identifiable effect of violating the rule has been to compromise grand jury secrecy to some degree (as when a witness's testimony was heard by the unauthorized individuals), that secrecy can not be restored after the fact by quashing or dismissing an indictment, and the object of any enforcement mechanism must be the deterrence of further violations. As to these, the superior court has ample and undoubted means to enforce the rule by clear instructions to the bailiffs who guard the grand jury rooms, and by the imposition of penalties for contempt on any prosecutor or other court officer who disregards the rule.

*Canatella* should be followed, and the conviction affirmed.

THAYER, J., joins in the dissent.