**Robert LISTER, Appellant,**

v.

**H. C. McLEOD, Warden, Oklahoma State Penitentiary, Appellee.**

**No. 5520.**

United States Court of Appeals Tenth Circuit.

Jan. 15, 1957.

---

No appearance for appellant.

Lewis A. Wallace, Asst. Atty. Gen. (Mac Q. Williamson, Atty. Gen. of Oklahoma, Fred Hansen, First Asst. Atty. Gen., were with him on the brief), for appellee.

Before HUXMAN, PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

Petitioner, Robert Lister, is now confined in the Oklahoma State Penitentiary and is serving a life sentence for murder. After exhausting his remedies in the state court,[1] this habeas corpus proceeding was brought to secure his release, upon the ground that he did not have a constitutional trial in the state court. After a hearing, the United States District Court for the Eastern District of Oklahoma denied relief and this appeal was taken.

The petition alleged that the prosecuting authorities knowingly used perjured testimony to procure petitioner's conviction. It has been held that a criminal conviction procured by state prosecuting authorities by the use of perjured testimony, known by them to be perjured, is a deprivation of rights guaranteed by the Federal Constitution and presents a question for which relief may be granted through habeas corpus in Federal Courts. Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791; Pyle v. State of Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214; Wild v. State of Oklahoma, 10 Cir., 187 F.2d 409.

In this proceeding the burden was on the petitioner to prove that material evidence was false and that it was knowingly and intentionally used by the prosecuting authorities to bring about the conviction. Cobb v. Hunter, 10 Cir., 167 F.2d 888, certiorari denied 335 U.S. 832, 69 S.Ct. 19, 93 L.Ed. 385. At the hearing on the petition, two written statements regarding perjured testimony at petitioner's trial were offered in evidence. One of the statements by a fellow inmate of the penitentiary, and purportedly signed by him, is to the effect that he gave false testimony at the petitioner's trial, without any specification as to what the false testimony was. The other statement, also purportedly signed by another witness, is to the effect that an acquaintance of the undersigned gave false testimony at petitioner's trial, again without specification of what testimony was false. Neither of these witnesses gave oral testimony in court at the hearing. Clearly the evidence offered was entirely incompetent to prove that perjured testimony was knowingly offered by the prosecution to secure conviction.

It was contended that the petitioner did not have adequate representation by counsel at the trial of his case. The record, however, discloses that the petitioner was represented by experienced counsel of his own selection, and there are no facts which would warrant a finding that petitioner was deprived of effective aid of counsel.

Affirmed.

1. In Application of Lister, Okl.Cr., 285 P.2d 1046, certiorari denied Lister v. McLeod, 350 U.S. 917, 76 S.Ct. 204.