Joe LONDON, Appellant,

v.

STATE OF OKLAHOMA, Appellee.

No. 5614.

United States Court of Appeals
Tenth Circuit.

Oct. 15, 1957.

No appearance for appellant (Joe London filed a brief pro se).

Lewis Wallace, Asst. Atty. Gen., of Oklahoma (Mac Q. Williamson, Atty. Gen., of Oklahoma, on the brief), for appellee.

Before MURRAH, PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

Petitioner, Joe London, is confined in the Oklahoma State Penitentiary where he is serving a ten year sentence upon a conviction for second degree rape. He brings this habeas corpus proceeding seeking his release, principally upon the ground that perjured testimony was knowingly used to secure his conviction. The trial court assumed that the petitioner intended that the Warden of the State Penitentiary was to be the defendant in this action and that the petitioner, for all practical purposes, had exhausted his state court remedies. We shall make the same assumption.

Relief may be had in Federal Courts from a State Court conviction which was procured by perjured testimony knowingly used by prosecuting authorities. Lister v. McLeod, 10 Cir., 240 F.2d 16, and cases cited. The burden

was on the petitioner, not only to prove that perjured testimony was used to obtain his conviction, but also that it was knowingly used by the prosecuting authorities. Lister v. McLeod, supra. We have examined the record and find no fault with the trial court's finding that "There is no proof that the prosecuting authorities knowingly used perjured testimony in obtaining a conviction." Furthermore, we do not think the evidence is sufficient to sustain a finding that any perjured testimony was introduced which was material to the case.

Petitioner also complains that his attorney failed to properly represent him at the trial and on appeal. We agree with the trial court's finding that "The evidence does not warrant a conclusion that the attorney appointed by the Court did not properly represent the petitioner." This same contention was made by the petitioner when his conviction was appealed to the Oklahoma Criminal Court of Appeals. London v. Oklahoma, 297 P.2d 567, 569. In this connection the court said:

"It is all too easy for a person convicted of a crime to blame his conviction on someone else. We find nothing in the record to indicate that defendant's counsel did not exert every effort in behalf of his client. The evidence is not before us, but from the witnesses endorsed on the information the State must have had substantial evidence to support the charge. At any rate, there is nothing to indicate lack of diligence on the part of defendant's counsel. We would further say that defendant's counsel has appeared before this court and from our personal observation, we have found him to be a sincere and aggressive attorney. Apparently he is a respected citizen of Okmulgee County. His election in the past to judicial office attests to that. It would require a transcript of the evidence to discover whether counsel displayed skill in cross-examining the wit-

nesses for the State, and in presenting the defense of the defendant. We cannot consider ex parte statements."

Affirmed.