**UNITED STATES of America ex rel. Tobias BUND, Petitioner-Appellant,**

**v.**

**J. Edwin LaVALLEE, Warden of Auburn State Prison, Auburn, New York, Respondent-Appellee.**

**No. 199, Docket 29160.**

United States Court of Appeals Second Circuit.

Argued Nov. 30, 1964.

Decided April 5, 1965.

8. Rowley v. United States, 185 F.2d 523 (8th Cir. 1950); Cf. Johnson v. United States, 318 F.2d 855, 858–859 (8th Cir. 1963).

Emanuel Bund, New York City (Gerald Sultan, New York City, on the brief), for petitioner-appellant.

Joel Lewittes, Asst. Atty. Gen., Harold Roland Shapiro, Asst. Dist. Atty., New York County, New York City (Louis J. Lefkowitz, Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., Iris Steel, Deputy Asst. Atty. Gen., New York City, on the brief), for respondent-appellee.

Before FRIENDLY and SMITH, Circuit Judges, and BLUMENFELD, District Judge.[*]

BLUMENFELD, District Judge.

This is an appeal from the district court's denial of the appellant's petition for a writ of habeas corpus. Bund was convicted in a New York state court after a trial by jury on each of three counts of first degree larceny in obtaining three separate advances of $5000 each from one Elson and his wife by means of false and fraudulent representations and on a fourth count for forging a stock certificate in a non-existent enterprise given to the Elsons in return for their investment. He was sentenced to be confined on each count for a term of not less than one year and three months nor more than two years and six months, the sentences to run concurrently. The main claim on this appeal is that Bund was denied his constitutional rights when the prosecution and the trial court refused to make the Elsons' testimony before the Grand Jury available to him.

During the cross-examination of Elson, defense counsel alluded to the Grand Jury hearing, but made no request at that time for the production of the record.[1] It was not until after the cross-examination of Elson and his wife had been completed that the trial judge stated he had examined the Grand Jury testimony and that there were no substantial variances between the Grand Jury testimony and that offered upon the trial. The Grand Jury minutes were returned at which time the trial judge remarked that he would follow the rule in People v. Walsh, 262 N.Y. 140, 186 N.E. 422 (1933), under which the Grand Jury minutes are not made available to the defense unless the court determines that it contains some substantial variances from the witness' testimony at trial.

The record includes the Grand Jury minutes and the proceedings at the trial and on the appeal. The conviction was unanimously affirmed by the Appellate Division, People v. Bund, 18 App. Div.2d 638, Case #2 (1962). The New York Court of Appeals unanimously affirmed without opinion, People v. Bund, 13 N.Y.2d 766, 242 N.Y.S.2d 65, 192 N.E. 2d 31 (1963), and amended its remittitur by adding a clear statement that the appellant's constitutional claims were denied. Certiorari was denied, 376 U.S. 919, 84 S.Ct. 676, 11 L.Ed.2d 614 (1964). The appellant has exhausted state remedies. United States ex rel. Weinstein v. Fay, 333 F.2d 815 (2d Cir. 1964).

It is plain that the concept of due process does not require that a witness' Grand Jury testimony must always be turned over to the defense. In Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959), a federal prosecution where the Supreme Court was free to exercise its supervisory powers over the administration of criminal justice and thus to go beyond constitutional requirements, it declined to apply its decision in Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957), relying on the historic policy of secrecy surrounding Grand Jury proceedings. Although this Circuit requires its own trial judges

[*] Sitting by designation.

1. The state court disregarded any issue relating to the untimeliness of the request, and so do we.

to examine the Grand Jury testimony of witnesses who give evidence at a criminal trial and makes this available to the defense where inconsistencies exist, e. g., United States v. Zborowski, 271 F.2d 661, 666 (2d Cir. 1959); United States v. McKeever, 271 F.2d 669, 672 (2d Cir. 1959); United States v. Giampa, 290 F.2d 83 (2d Cir. 1961), there has been no hint that this procedure was thought to be compelled by the due process clause of the fifth amendment.

■ The absence of a constitutional requirement that Grand Jury testimony of a witness must always be made available to the defense does not necessarily mean that it never need be. It could be argued with some force that when the Grand Jury testimony is exculpatory and the trial testimony inculpatory, or even when both are inculpatory but so inconsistent as to cast serious doubt on the veracity of the witness, failure to make the Grand Jury testimony available on request is within the principle of decisions holding it to be a denial of due process for the prosecutor to fail to disclose known exculpatory evidence to the defense. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); Barbee v. Warden, 331 F.2d 842 (4th Cir. 1964); United States ex rel. Butler v. Maroney, 319 F.2d 622 (3d Cir. 1963). Whether a state could justify non-disclosure of Grand Jury testimony of that character against due process attack on the basis of the historic policy of preserving the secrecy of Grand Jury testimony is an issue on which the Supreme Court has yet to speak.

■ We find it unnecessary to decide that issue here. Upon his independent examination of that record, the District Judge found that at most what was at stake was whether the witness had told the Grand Jury that a promise to deliver a certificate of stock was made before he advanced money to the defendant or afterwards. The time relation between the two events was not an element in any of the crimes charged in the indictment and was not material for any purpose independent of the self-contradiction of the witness. The few sematic discrepancies stressed by the appellant were fragmentary. Their contrasts were oblique. We are unable to perceive any interpretation from the interconnexion of the Grand Jury testimony of the Elsons with that they gave at the trial, nor has any been suggested to us, which furnishes even a pretext for a claim that exculpatory evidence was suppressed.

■ A final point remains.[2] The appellant claims that he was denied due process of law because the New York Court of Appeals refused to apply retroactively its own decision in People v. Rosario, 9 N.Y.2d 286, 213 N.Y.S.2d 448, 173 N.E.2d 881, cert. denied, 368 U.S. 866, 82 S.Ct. 117, 7 L.Ed.2d 64 (1961), a case decided after the appellant was convicted but before the Appellate Division affirmed the judgment. Rosario held that a prior statement of a witness, including his testimony before a Grand Jury, should be made available to the defense for possible use on cross-examination. There is nothing in the Constitution which requires a state to make its decisions retroactive. Warring v. Colpoys, 122 F.2d 642, cert. denied, 314 U.S. 678, 62 S.Ct. 184, 86 L.Ed. 543 (1941); cf. Griffin v. Illinois, 351 U.S. 12, 25, 76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R.2d 1055 (1956) (concurring opinion by Mr. Justice Frankfurter).[3] The

2. We do not find it necessary to consider the alternate ground relied on by the District Court that because the Grand Jury testimony of the Elsons had no relationship to the forgery count upon which the appellant received a concurrent sentence, a writ of habeas corpus could not issue. See United States ex rel. Smith v. Martin, 242 F.2d 701 (2d Cir. 1957); Ingenito v. State of New Jersey, 146 F. Supp. 717, and cases cited at 718 (D. N.J.), aff'd, 238 F.2d 935 (3d Cir. 1956), cert. denied, 352 U.S. 1014, 77 S.Ct. 576, 1 L.Ed.2d 560 (1957).

3. The New York Court of Appeals intended that the change in its policy of secrecy of Grand Jury minutes was not to be applied retroactively. The post-Rosario decisions have made it clear that there is

**316**

federal Constitution leaves the courts of New York as free to liberalize the state's policy on disclosure of Grand Jury minutes only on a prospective basis as New York's legislature would be.

Affirmed.

no absolute right of reversal without a showing of actual prejudice. People v. Fiore, 12 N.Y.2d 188, 237 N.Y.S.2d 698, 188 N.E.2d 130 (1962); People v. Fasano, 11 N.Y.2d 436, 230 N.Y.S.2d 689, 184 N.E.2d 289 (1962); People v.

Pereira, 11 N.Y.2d 784, 227 N.Y.S.2d 28, 181 N.E.2d 770, cert. denied, 370 U.S. 962, 82 S.Ct. 1619, 8 L.Ed.2d 829 (1962); cf. Shotwell Mfg. Co. v. United States, 371 U.S. 341, 357, 83 S.Ct. 448, 9 L.Ed.2d 357 (1963).