**Willie Lee HODGE, B–4775, Petitioner,**

v.

**Harold V. FIELD et al., and the California Adult Authority, Respondents.**

**Civ. No. 68–1141.**

United States District Court,
C. D. California.

Oct. 15, 1968.

Willie Lee Hodge, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Ronald F.

Russo, Deputy Atty. Gen., Los Angeles, Cal., for respondents.

## MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND MOTIONS FOR INJUNCTIONS

PREGERSON, District Judge.

This petition for a writ of habeas corpus was filed on July 15, 1968, with a supplement to the petition filed on July 24, 1968. Respondent has filed a return and petitioner filed a traverse to the return.

At the time this petition was filed, petitioner was in the custody of H. V. Field, Superintendent of the California Men's Colony, West Facility, Los Padres, California, serving a sentence for two counts of violating California Penal Code § 470 (forgery) and one count of violating California Penal Code § 475a (possession of fraudulent document). He has recently been paroled and is presently in the constructive custody of the California Adult Authority, which has been joined as a respondent.

Petitioner alleges that the same matters as presented herein were presented to the California Supreme Court by way of a petition for habeas corpus. Therefore, it appears that petitioner has first presented the issues to the State courts and has satisfied the requirements of 28 U.S.C. § 2254. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Schiers v. California, 333 F.2d 173 (9th Cir. 1964).

## MOTIONS FOR INJUNCTIONS

■■ Petitioner has requested that an injunction issue to prevent the State of California and all of its officers and agents from interfering with petitioner's use of the mails and his prosecution of this petition. But petitioner has not stated any facts to support his contention that his mail is being interfered with, and it is the general rule that prison authorities can exercise reasonable measures to control the internal prison affairs. United States ex rel. Knight v. Ragen, 337 F.2d 425 (7th Cir. 1964). Without specific facts, this Court could not draft an injunction order to comply with Rule 65(d) of the Federal Rules of Civil Procedure and this Court will hesitate to enjoin illegal interference with the mail, unless special circumstances or irreparable harm is shown. *Cf.* Pugach v. Dollinger, 277 F.2d 739 (2nd Cir. 1960), aff'd 365 U.S. 458, 81 S.Ct. 650, 5 L.Ed.2d 678 (1961). These factors are not present here, however, for it is clear from the very volume of this petition that any alleged interference with petitioner's mail rights has not been so serious as to prevent him from prosecuting this petition.

## MOTION FOR THREE-JUDGE COURT

■ Petitioner has moved that a three judge court be convened under 28 U.S.C. § 2281 because the issues involve the constitutional validity of a State Statute. It is unclear from reading the petitioner's materials what State statute is involved, but the petition contains a general attack on State "harmless error" rules, on the grounds that they are being used to dilute Constitutional rights. Yet petitioner has not stated any facts to show how the California harmless error rule has been applied to deny him of Constitutional rights. And in any case the harmless error rule is an accepted doctrine in the federal courts, having been approved by the United States Supreme Court and the Congress. Federal Rules of Civil Procedure, Rule 61; Federal Rules of Criminal Procedure, Rule 52(a). On its face the doctrine is not unconstitutional.

## UNLAWFUL DETENTION

Petitioner raises a number of issues concerning the legality of his conviction. He claims that a letter, used by the prosecution as a sample of petitioner's handwriting, was not properly authenticated to have been written by petitioner and therefore should not have been admitted into evidence. Also, he claims that the use of the letter against him constituted

a violation of his right against self-incrimination as guaranteed by the Fifth and Fourteenth Amendments. Also, he claims that he allegedly wrote the letter while in jail (on a previous conviction) and did not have the benefit of counsel at that time, so that the use of the letter violates his right to counsel as guaranteed by the Sixth and Fourteenth Amendments.

As far as the admissibility of the letter under California evidence law is concerned, this is primarily a question of State law and was argued before the California District Court of Appeal. On the question of authentication the Court of Appeal held that "There was evidence that this letter had been written by appellant while serving time as a prisoner in the Santa Clara County Jail." Once a finding of fact has been made by the State courts, after a hearing, this Court must accept that finding unless the fact was not determined by a full, fair, and adequate hearing. 28 U.S.C. § 2254(d). The petition discloses no facts which indicate that the hearing on appeal was inadequate or unfair. Therefore, this Court will accept the determination of the State court on this matter.

As far as the Fifth Amendment is concerned, the letter was written by petitioner at his own free will, without coercion, and the letter was used for handwriting identification rather than as testimonial evidence. Therefore, there was no violation of petitioner's right against self-incrimination. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).

As far as the Sixth Amendment guarantee of a right to counsel is concerned, the letter was written before the commission of the crimes for which petitioner has been convicted and it can hardly be said that the letter was written and mailed at a critical stage in the gathering of the prosecution's evidence. Cf. United States v. Wade, 388 U.S. 218, 227, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

Petitioner contends that there was perjury by certain witnesses. The general rule is that perjury at the trial does not constitute grounds for federal habeas corpus relief unless it is shown that the prosecutor knowingly used perjured testimony. London v. Oklahoma, 248 F.2d 788 (10th Cir. 1957). But apart from this rather restrictive rule, petitioner has presented nothing which shows as a matter of fact that any of the testimony at the trial was perjury. Petitioner alleges that the court had in its possession an affidavit of Patsy Jones which was intentionally destroyed in order to suppress the evidence of perjury. But examining the contents of the affidavit, it appears to be irrelevant and immaterial as to petitioner's innocence or guilt, and does not state any facts from which perjury can be inferred. The affidavit of Patsy Jones simply states that she saw Thomas Murphy (one of the conspirators) give an envelope to James Yancey (another conspirator), and she was told later that the envelope contained a forged money order. But she states that she never actually saw the money order or saw the numbers on it. Therefore, her further statements that Yancey acquired money order #3665–6953 from Murphy rather than from petitioner are simply bare conclusionary speculations unsupported by facts within her own personal knowledge. The facts which were within her personal knowledge do not refute the possibility that Yancey acquired money order #3665–6953 from petitioner, nor that others acquired money orders from petitioner. The affidavit is insufficient to show that testimony of other witnesses linking petitioner to money order #3665–6953 was perjury. Also, Patsy Jones testified at the trial but did not give the testimony contained in her affidavit which petitioner contends would have refuted the testimony of other witnesses. Nor was the affidavit of Patsy Jones introduced on appeal. This Court will not permit petitioner to hold back evidence during trial and on appeal and then later to assert that his conviction is unlawful

on the basis of the evidence withheld. See United States v. Maroney, 220 F. Supp. 801 (W.D.Pa.1963); see also In re Swain, 34 Cal.2d 300, 302, 209 P.2d 793. But as herein stated, even if this affidavit had been considered, it does not show that petitioner was innocent or that there was perjured testimony at the trial.

■ Petitioner contends that the prosecution knowingly suppressed evidence in that it did not introduce a confession by Ralph Chedwick in which Chedwick confessed to the crime for which petitioner was convicted. This is a serious charge and must be examined carefully. Chedwick's affidavit states that he was released from jail in March 1966, and then took part in a conspiracy with Joe Louis Ford and Thomas Murphy, wherein they purchased some money orders and altered the face amount of the money orders. Chedwick further states that on the same day that the money orders were altered, he used one of them to open a bank account and then left San Jose (where the crimes occurred) to go to San Francisco. Therefore, Chedwick stated no facts within his personal knowledge concerning the use of the other altered money orders. Then the affidavit contains the statement that to the best of Chedwick's ability and knowledge, Joe Louis Ford and Thomas Murphy were the sole perpetrators of the alteration, and that petitioner was not involved. Chedwick was arrested on July 29, 1966, and petitioner contends that the prosecution knew of the information in the affidavit but suppressed it.

It is clear that Chedwick's affidavit in no way is inconsistent with the evidence at the trial nor is it inconsistent with petitioner's conviction. Petitioner was convicted on two counts of violation of California Penal Code § 470 and one count of violation of California Penal Code § 475a. Section 470 declares in part:

"Every person who, with intent to defraud, * * * utters, publishes, passes, or attempts to pass, as true and genuine, any of the above named false, altered, forged, or counterfeited matters, as above specified and described, knowing the same to be false, altered, forged, or counterfeited, with intent to prejudice, damage, or defraud any person * * * is guilty of forgery."

Section 475a states in part:

"Every person who has in his possession a completed check, money order, or traveler's check * * * with intention to utter or pass the same, or to permit, cause, or procure the same to be uttered or passed, to defraud any person, is punishable by imprisonment * * * *"

To violate each of these statutes, it was not necessary that petitioner himself take part in the alteration of the face amount of the money orders. Moreover, at the trial the evidence tended to show that petitioner took part in the passing of the altered money orders rather than in the actual alteration of the figures. Therefore, Chedwick's affidavit in no way refutes petitioner's guilt, and it is not shown that any "suppression" by the prosecution prejudiced petitioner. If any suppression existed, therefore, it still would not constitute grounds for habeas corpus relief. Bund v. LaVallee, 344 F.2d 313 (2nd Cir. 1965).

Petitioner contends that there was insufficient evidence to convict him. The sufficiency of the evidence was examined by the District Court of Appeal and this Court finds no reason to reverse that court's judgment. 28 U.S.C. § 2254(d); United States ex rel. Washington v. Cavell, 251 F.Supp. 779 (D.C.Pa.1966).

■ Petitioner further contends that he was afforded ineffective assistance of counsel at the trial and on appeal. The California District Court of Appeal has examined the quality of legal representation which petitioner received at the trial and found it to be adequate. This Court agrees with that court's determination. 28 U.S.C. § 2254(d). Petitioner's counsel on appeal also appears to have been adequate. The only facts

petitioner discloses to show that his attorneys were inadequate are his assertions that they failed to raised the Patsy Jones and Chedwick affidavits. But because the affidavits were immaterial and irrelevant, as discussed above, the decision of petitioner's counsel not to use the affidavits appears to be an exercise of sound judgment.

The Court finds that all other questions raised in the petition are insufficiently stated to warrant discussion or that they raise rules of law identical to those raised by the issues discussed herein.

This Court therefore finds that the petition has stated no facts which might form the basis of federal habeas corpus relief.

It is ordered that the motions for injunctions and for the convening of a three judge court, are denied.

It is further ordered that the petition for writ of habeas corpus is denied.

It is further ordered that the Clerk of the Court shall this day serve copies of this Memorandum and Order, by United States mail, to the parties appearing in this cause.