**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 5 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

EUGENE BROWN,

      Petitioner-Appellant,

v.

RON LYTLE, Warden; ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

      Respondents-Appellees.

No. 99-2157
(D.C. No. CIV-96-1327)
(D. N.M.)

---

ORDER AND JUDGMENT *

---

Before **TACHA** , **ANDERSON** , and **LUCERO** , Circuit Judges.

Eugene Brown seeks a certificate of appealablity ("COA") pursuant to 28

U.S.C. § 2253(c) to challenge the district court's denial of his petition for a writ

of habeas corpus. [1] Finding Brown has not made a substantial showing of the

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     After examining the briefs and appellate record, this panel has determined
(continued...)

denial of a constitutional right, we deny his request for COA.    See 28 U.S.C. § 2253(c).

## I

Brown was indicted for kidnapping and criminal sexual penetration in the first degree. The state court declared a mistrial in his first trial, and at the conclusion of the second trial, he was convicted of criminal sexual penetration in the first degree resulting in great mental anguish and kidnaping in the second degree. The New Mexico Court of Appeals affirmed the conviction and reversed the trial court's order regarding restitution. On remand, the trial court amended its order to require Brown to pay the victim $30,000 for the cost of counseling she received as a result of the incident for which he was convicted. The New Mexico Supreme Court denied a petition for writ of certiorari. Thereafter, Brown requested habeas corpus relief in state district court, which summarily denied his petition. The New Mexico Supreme Court again denied a petition for writ of certiorari requesting review of the denial of habeas relief.

In his federal habeas petition, Brown raised eleven claims. In response to the magistrate judge's proposed summary denial of certain claims, Brown

_____

[1](...continued)
unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

conceded the dismissal of three of the eleven claims raised in the habeas petition. In his brief in support of his petition for writ of habeas corpus, he addressed and argued only three of the remaining eight claims. Consequently, the magistrate judge found that the remaining five claims had been abandoned and recommended that they be dismissed with prejudice. He did not object to that recommendation.

In this appeal, Brown continues to urge the three claims that the district court addressed and denied on the merits. First, he claims he is entitled to habeas relief for violation of his Sixth Amendment right because his trial counsel was ineffective. Next, he asserts that his conviction was obtained in violation of his Fifth Amendment right to be free from double jeopardy. Finally, he claims his conviction was secured through the prosecution's knowing use of perjured testimony, in violation of his Fourteenth Amendment right to due process.

## II

If the habeas claim before us was not decided

on the merits by the state courts, and the federal district court made its own determination in the first instance, we review the district court's conclusions of law de novo and its findings of fact, if any, for clear error. But when reviewing the merits of a claim already decided by the state courts, we are bound to deny [habeas] relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

*LaFevers v. Gibson*, 182 F.3d 705, 711 (10th Cir. 1999) (quoting 28 U.S.C.
§ 2254(d)(1) & (2)) (citation omitted).

## A

At Brown's request, the state trial court declared a mistrial in his first trial.
At the close of the prosecution's case at the second trial, he moved to dismiss the
case on double jeopardy grounds. The trial court denied the motion, and Brown
also raised his double jeopardy argument on direct appeal. Because this issue was
decided on the merits by the state courts, we employ the deferential standard of
review of 28 U.S.C. § 2254(d)(1) & (2). In applying that standard, we are
mindful that the Antiterrorism and Effective Death Penalty Act of 1996, the
source of the current version of § 2254(d), "increase[d] the deference to be paid
by the federal courts to the state court's factual findings and legal
determinations." *LaFevers*, 182 F.3d at 711.

"The Double Jeopardy Clause of the Fifth Amendment protects a criminal
defendant from repeated prosecutions for the same offense." *Oregon v. Kennedy*,
456 U.S. 667, 671 (1982).

> Although the Double Jeopardy Clause usually bars retrial where the
> prosecution moves for a mistrial over the objection of the defense, in
> select circumstances it also prevents retrial where the first trial ended
> at the defendant's request. When a prosecutor goads the defendant
> into requesting mistrial the defendant's valued right to complete his
> trial before the first jury would be a hollow shell were retrial
> permissible. Therefore, if the government intended to provoke the
> defendant into moving for a mistrial, retrial is barred. The Double

Jeopardy Clause applies only where the prosecution intentionally goads the defense, not where the prosecution is mistaken, careless, or even harassing.

*United States v. Valadez-Camarena*, 163 F.3d 1160, 1162-63 (10th Cir. 1998) (citing *Kennedy*, 456 U.S. at 672-73, 679) (further citations and quotations omitted).

Whether a prosecutor intended to goad the defense into requesting a mistrial is a question of fact that is reviewed for clear error. *See id.* at 1163 (quoting *Kennedy*, 456 U.S. at 675). In denying the motion to dismiss on double jeopardy grounds made at the second trial, the state trial court found that "the actions of the State through the office of the District Attorney [did] not rise to misconduct that would provoke a mistrial." (III Second Trial Tr. at 603.) We presume the state court's findings of fact to be correct "unless the petitioner is able to rebut that presumption by clear and convincing evidence." *Pickens v. Gibson*, No. 99-5021, 2000 WL 275563, at *2 (10th Cir. March 14, 2000) (citing 28 U.S.C. § 2254(e)). Brown has presented no clear and convincing evidence rebutting the presumption of correctness, and therefore he is not entitled to habeas relief on this claim.

## B

With regard to his ineffective assistance of counsel claim, Brown argued ineffective assistance of counsel in his state habeas petition, but the state court

did not decide the claim on the merits.  Consequently, we accord no special deference to the state court's procedural dismissal of this claim.  *See Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999).  Instead, we review the district court's conclusions of law de novo and its factual findings for clear error.  *See LaFevers*, 182 F.3d at 711.

Brown claims his Sixth Amendment rights were violated because his trial counsel was ineffective in two respects:  (1) counsel did not discover and disclose that the victim's treating psychologist, who testified at trial for the state, was having a relationship with the prosecutor who initiated the prosecution; and (2) he did not demand a hearing to determine the competency of the victim to testify.  The Sixth Amendment right to effective assistance of counsel is violated if counsel's performance falls below an objective standard of reasonableness and the defense is prejudiced by that deficient performance.  *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  To establish prejudice, Brown "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

With regard to the allegation that counsel was ineffective for failing to discover and disclose a personal relationship between the treating psychologist and the prosecutor who initiated the case against Brown, we agree with the district court that, even assuming prejudice, he has not shown counsel's

performance was objectively unreasonable. Our review of the record reveals no evidence indicating that defense counsel had reason to delve into the details of the expert witness's personal relationships. We are not persuaded that defense counsel's failure to discover and disclose the relationship between the former prosecutor and an expert witness fell below an objective standard of reasonableness. The authority Brown cites in his brief to this Court does not bolster his argument. *United States v. Buchanan* is distinguishable because it addressed the question of whether nondisclosure of a relationship between the defendant's former wife and a government investigator violated the government's obligation to disclose exculpatory evidence. *See United States v. Buchanan*, 891 F.2d 1436, 1442-43 (10th Cir. 1989). Here, Brown is arguing that his own counsel was ineffective in not discovering the relationship, not that the government failed to disclose exculpatory evidence.

Brown also argues that his counsel's failure to demand a competency hearing before the victim, who is mildly retarded, was allowed to testify fell below an objective standard of reasonableness. To show that there is a reasonable probability that, but for counsel's failure to request a competency hearing, the outcome of the trial would have been different, Brown would have to demonstrate that, as a result of the competency hearing, the victim would not have been allowed to testify. In other words, he would have to show there is a reasonable

probability that the victim would have been found incompetent to testify. Under New Mexico law, competency is presumed. *See* Rule 11-601 NMRA (2000). There is simply no evidence in the record indicating that the defense could have overcome the presumption that the victim was competent to testify. *See Heights Realty, Ltd. v. Phillips*, 749 P.2d 77, 78 (N.M. 1988) (stating that burden is on party alleging incompetency to overcome presumption of competency by clear and convincing evidence). On the contrary, the record indicates that the victim understood the oath, differentiated between telling the truth and telling a lie, and understood the consequences of being untruthful. In addition, her answers to various questions demonstrated sufficient capacity to observe, recollect, and communicate. *See State v. Fairweather*, 863 P.2d 1077, 1082 (N.M. 1993). Brown therefore has not shown prejudice resulting from counsel's failure to demand a hearing to determine the victim's competency to testify and consequently has not established a denial of his right to effective assistance of counsel.

## C

Finally, with regard to Brown's claim concerning the knowing use of perjured testimony in violation of his due process rights, the district court decided

that issue in the first instance, and we therefore review its factual findings for clear error and its legal conclusions de novo. *See LaFevers*, 182 F.3d at 711.

The presentation of false testimony may constitute grounds for habeas relief. *See Lister v. McLeod*, 240 F.2d 16, 17 (10th Cir. 1957). Habeas relief is available, however, only if Brown shows the prosecution knowingly used false testimony. *See Smith v. Roberts*, 115 F.3d 818, 820 n.2 (10th Cir. 1997). We discern no clear error error in the district court's finding that the record is devoid of evidence that the prosecution knowingly used false testimony. On the contrary, our review of the record suggests that the prosecution believed the trial testimony was truthful. The witness told one story before the grand jury and then went to the government to confess that his grand jury testimony was false. At that time, he told a story consistent with the testimony he gave at trial. The record supports the witness's trial testimony explaining the circumstances surrounding his recantation, and he was extensively cross-examined on this point.

Because Brown has not made a substantial showing of the denial of a constitutional right, we DENY his application for a certificate of appealability. *See* 28 U.S.C. § 2253(a)(2).  This matter is DISMISSED.


Entered for the Court


Carlos F. Lucero
Circuit Judge